UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JENKINS,<br>Plaintiff,<br>v.<br>DANIEL RUBY.<br>Defendant. | Case No. 1:25-cv-01971-JLT-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT UNDER FED. R. CIV. P. 4(m) AND DISMISS CASE WITHOUT PREJUDICE<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Plaintiff James Jenkins, proceeding pro se, brings this civil rights action against Defendant Daniel Ruby, a former Sanger Police Department Officer. (Doc. 1). For the reasons set forth below, the undersigned recommends that Defendant be dismissed without prejudice under Federal Rule of Civil Procedure 4(m). Because no defendants or claims would remain, the undersigned further recommends that this action be dismissed without prejudice, and that the Clerk of Court close this case.

BACKGROUND

Plaintiff commenced this action on December 22, 2025. (Doc. 1). On January 6, 2026, the Clerk of Court issued a summons for Defendant, and the Court issued an order setting a mandatory scheduling conference. (Docs. 4, 5). The scheduling order directed Plaintiff to comply with Federal Rule of Civil Procedure 4 and warned that failure to timely serve the

complaint could result in sanctions, including dismissal of unserved defendants. (Doc. 5 at 2).

On March 19, 2026, the summons was returned unexecuted. (Doc. 6). The non-service report stated that Defendant was no longer employed at the Sanger Police Department. (*Id.*). At the initial scheduling conference on April 9, 2026, Plaintiff moved to extend the time to serve Defendant. (Doc. 7). The Court granted the motion on April 14, 2026, extended the service deadlines to July 8, 2026, and rescheduled the initial scheduling conference. (Doc. 8).

On August 8, 2026, the Court denied Plaintiff's motion to appear remotely for the rescheduled initial scheduling conference and vacated it. (Doc. 10). The Court also noted that Plaintiff had not filed proof of service and granted a final extension, through September 11, 2026, to serve Defendant. (*Id.*). The Court again advised Plaintiff of his obligation under Rule 4(m) and warned that, absent a showing of good cause for a further extension, his claims against Defendant would be dismissed without prejudice. (*Id.*).

Plaintiff has neither filed proof of service nor moved for an extension. The final deadline for service has expired.

## APPLICABLE LAW AND ANALYSIS

A litigant in a federal civil case may serve an individual defendant within a judicial district of the United States by following law of the state where the district court is located or where service is made; or by delivering the summons and complaint personally to the individual, leaving them at the individual's dwelling or usual place of abode with a person of suitable age and discretion who lives there, or delivering them to an authorized agent. Fed. R. Civ. P. 4(e); *see also* Cal. Civ. Proc. Code § 415.30.

If a defendant "is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Thus, absent a showing of good cause, failure to comply with Rule 4(m) requires dismissal of any unserved defendant. *Id.*

Here, more than 265 days have passed since the summons issued on January 6, 2026. (Doc. 4). Plaintiff received two extensions of time to serve Defendant and was expressly warned

that his failure to timely serve Defendant, or to establish good cause for a further extension, could result in dismissal without prejudice. (Docs. 5, 8 , 10). Plaintiff has not filed proof of service, requested a further extension, or otherwise shown good cause for his failure to timely serve Defendant.

Therefore, dismissal of Defendant under Rule 4(m) is warranted. *See In re Sheehan*, 253 F.3d 507, 512–13 (9th Cir. 2001); *See also Asbell v. Hamon*, No. 23-1801, 2025 WL 869206, at *1 (9th Cir. Mar. 20, 2025) (mem.) (affirming dismissal under Rule 4(m) where plaintiff failed to effect proper service despite notice and an opportunity to do so, and directing dismissal without prejudice). Because Defendant Ruby is the sole defendant, no claims or parties will remain after his dismissal. The action therefore should be dismissed without prejudice, and the Clerk of Court should be directed to close the case.

Accordingly, it is RECOMMENDED:

1. Defendant Ruby be DISMISSED without prejudice under Feder Rule of Civil Procedure 4(m);
2. This action be DISMISSED without prejudice; and
3. The Clerk of Court be DIRECTED to close this case.

NOTICE TO PARTIES

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the

waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014). These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the District Court's judgment.

Dated: October 5, 2026

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE